IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IRLAINE FALTO ENCARNACIÓN<br><br>Plaintiff,<br><br>v.<br><br>PREMIER COMPUTER INC.; A, B & C CORP..; INSURANCE COMPANY X, Y, & Z,<br><br>Defendants. | CIVIL No.<br><br>**DISABILITY DISCRIMIANTION; UNJUST DISMISSAL; DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW Plaintiff, Irlaine Falto Encarnación ("Falto" or "plaintiff"), through the undersigned counsel, very respectfully states, alleges and prays:

### I.    NATURE OF THE ACTION AND JURISDICTION

1. This Honorable Court has original jurisdiction over this action pursuant to 28 U.S.C.A. §1331 inasmuch as it arises under the laws of the United States and it seeks to recover damages for disability discrimination under the American Disabilities Act of 1990, as amended, 42 U.S.C.A. §12100 et seq.

2. Plaintiff also seeks this Honorable Court's supplemental jurisdiction pursuant to 28 U.S.C.A. §1367 and seek relief for violations under Puerto Rico Act No. 44 of July 2, 185, as amended, P.R. Laws Ann., T. 1 §501 *et seq*., Puerto Rico Act No. 80 of May 30, 1976, as amended, P.R. Laws Ann., T. 29 §185a *et seq.* Plaintiff seeks compensatory, double and punitive damages, equitable and injunctive relief to seek redress for defendants' discrimination on the basis of her

disability.

3. The United States District Court for the District of Puerto Rico is the proper venue for this action pursuant to 28 U.S.C.A. §1391(b)(1) and (B)(2) as this is the District where the plaintiffs reside and where all the acts giving rise to the claims occurred.

4. On January 26, 2015, the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue as to the defendant Premier Computer, Inc., received by the plaintiff's legal representative on January 29, 2015. Accordingly, the instant complaint has been filed within ninety (90) days from plaintiff's receipt of the EEOC's notice of right to sue. See, Exhibit 1.

5. Plaintiff demands that all causes of action and claims asserted be tried before a jury.

## II.  THE PARTIES

6. Falto is of legal age, single, and resident of Carolina, Puerto Rico.

7. Co-defendant Premier Computer, Inc. ("Premier Computer") is a Puerto Rico corporation authorized to do business in Puerto Rico by the Puerto Rico State Department, primarily engaged in the business of consulting, audits and accounting for the healthcare industry, among others. Premier Computer is physically located at #428 Ave. Escorial, San Juan, Puerto Rico 00920; and its postal address is P.O. Box 11967, San Juan, Puerto Rico 00922-1967.

8. Premier Computer employs more than twenty (20) employees on a daily basis as the term is defined in 42 U.S.C. §12114 and is an employer covered by Title VII and the ADA.

9. At all relevant times to this Complaint, Premier Computer was the plaintiff employer as defined by the applicable law, meaning an employer engaged in an industry affecting commerce within the meanings of the ADA.

- 3 -

10. By information and belief, co-defendant A, B & C Corporation is Premier's Computer's successor employer when they acquired Premier Computer's operations in the Municipality Hospital of San Juan located at "Centro Médico".

11. By information and belief, co-defendant A, B & C Corporation is organized pursuant to the Commonwealth of Puerto Rico.

12. Premier Computer and A, B & C Corporation will be collectively referred to as "co-defendants".

13. Insurance Company X, Y & Z are insurance companies organized pursuant to the Commonwealth of Puerto Rico Insurance Code that have issued insurance policies to the co-defendants, and are liable to the plaintiff to the extent of the terms of the policy for all damages caused by the actions described herein.

### III.   FACTS COMMON TO ALL CAUSES OF ACTION

14. Falto repeats and realleges each and every preceding allegation as if fully herein.

15. Falto has been diagnosed with speech impediment and social dysfunction disorder, which impairs her major life activities, including her ability to speak, drive, handle money, and perform certain manual tasks, among others.

16. On June 2007, Janet Rodriguez, former Premier Computer Executive and Supervisor, interviewed and hired Falto for a Data Entry position.

17. Falto began working for Premier Computer in June 2007 as a Data Entry clerk and was assigned to work on the second floor at the Municipality Hospital of San Juan located at "Centro Médico".

18. Premier Computer has direct and indirect knowledge that Falto has suffered from her multiple disabilities for at least six (6) years.

19. Premier Computer, including Falto's supervisors and the personnel of Premier Computer's human resources department, have knowledge that Falto suffers from speech problems, problems with her motor functions, and that she is unable to move and walk normally as compared to most people in the general population.

20. On July 11th, 2011, Falto underwent surgery to extract a tumor that was located at her pituitary gland.

21. On October 2011, on or about three (3) months after her surgery, she returned to work at Premier Computer.

22. However, shortly after she was reinstated, she was assigned to work at Premier Computer's office located in the first (1st) floor of the Municipality Hospital of San Juan. In addition, Premier Computer unilaterally reduced one (1) hour from her daily shift; from eight (8) hours to seven (7) hours.

23. On January 2014, Premier Computer informed Falto that their service contract in with Municipality Hospital of San Juan was going to expire on January 31st, 2014.

24. Shortly after receiving said notice, Falto sent her curriculum vitae to Janet Rodriguez, now President of A, B & C Corporation. A, B & C Corporation acquired Premier Computer operations in the Municipality Hospital of San Juan located at "Centro Médico".

25. It is important to note that Janet Rodriguez was the same person who hired Falto in Premier Computer.

26. On January 29th, 2014, Falto was interviewed by Janet Rodriguez but the latter told her that she was not going to be hired by A, B & C Corporation because her (Falto) position was eliminated by A, B & C Corporation.

27. On January 31st, 2014, Premier Computer informed Falto that she was being

terminated from her job.

28. Despite having other operations and positions available, Premier Computer did not relocate Falto to the same and/or similar job position the company had available in other locations, such as the University Hospital ("Hospital Universitario").

29. Premier Computer did not relocate Falto to another facility, but instead they retained and transferred several of Falto's peers who were not disabled and also had less seniority than her to their operations at the "Hospital Universitario".

30. Notwithstanding, on February 1st, 2014, a mere one (1) day after her illegal termination from Premier Computer, A, B & C Corporation became Premier's Computer's successor employer when they acquired Premier Computer's operations in the Municipality Hospital of San Juan.

31. By information and belief, Premier Computer provided A, B & C Corporation with a list of recommended employees which did not include Falto, because she was disabled.

32. On February 1, 2014, A, B & C Corporation, based on Premier Computer's recommendations, interviewed and hired most of Premier Computer's personnel.

33. Falto was interviewed by Janet Rodríguez, President of A, B & C Corporation, but she did not hire because of her disability.

34. As part of the transfer of the ongoing business, Premier Computer and/or A, B & C Corporation did not retain Falto because of her disability.

35. By information and belief, as of today, the majority, if not all of Premier Computer's employees in similar positions as Falto were either retained by Premier Computer and/or hired by A, B & C Corporation; except for Falto.

36. In other words, Premier Computer and A, B & C Corporation "cherry picked" the

employees they wished to retain and re-hire and, by doing so, they bluntly violated Falto's employment rights and consequently discriminated against her solely because of her disability.

37. All of these adverse employment actions suffered by Falto have been exclusively on the motivation to discriminate against Falto.

38. At all times relevant to this Complaint, Falto has been a disabled person under the federal and local statutes upon which she bases her request for relief. In the alternative, Premier Computer and A, B & C Corporation regarded Falto as disabled.

39. The highest salary earned by Falto in her last three (3) years of employment prior to her discriminatory termination and failure to hire was approximately $14,964.00 annually, without including other non-discretionary bonuses or incentives.

40. As a result of the aforementioned, Falto suffered significant physical and emotional damages, without mentioning the loss of income due to the discriminatory termination and failure to hire.

## IV.   CAUSES OF ACTION

A.   First Cause of Action - Disability Discrimination (local and federal)

32. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

36. Falto was discriminated against by Premier Computer and A, B & C Corporation on the basis of her disability.

37. Co-defendants conduct constitutes a violation of the ADA.

38. Premier Computer discriminated against Falto by not relocating her to other available job positions while relocating other employees with less tenure than Falto in violation of the ADA and Law No. 44.

39. A, B & C Corporation discriminated against Falto by failing to hire her because of her disability in violation of the ADA and Law No. 44.

40. Falto has suffered severe economic and emotional damages as a result of the discrimination to which she has been subjected.

41. Falto is entitle to compensatory and emotional damages in an amount no less than $100,000.00 for Premier Computer violation of the ADA and Law No. 44 and double damages according to law under these statutes.

42. Falto is entitle to compensatory and emotional damages in an amount no less than $100,000.00 for A, B & C Corporation violation of the ADA and Law No. 44 and double damages according to law under these statutes.

43. The actions of the co-defendants constitute discrimination under Puerto Rico's statutes, to wit: Law 100 of June 30, 1959, as amended, P.R. Laws Ann. T. 29 §§146 *et seq.*; and Law No. 44 of April 1, 1995, P.R. Laws Ann., T. 1 §1 *et seq*.

B. <u>Second Cause of Action – (Punitive damages for Premier Computer & A, B & C Corporation's discriminatory conduct)</u>

45. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

46. Co-defendants discriminatory practices against Falto were malicious and/or carried out with reckless indifference towards Falto's federally protected rights.

47. Co-defendants knew or should have known that its conduct towards Falto contravened the ADA.

48. Falto in entitled to punitive damages as a result of co-defendants' discriminatory conduct.

C.     Act No. 80 - Wrongful Dismissal

50.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

51.    Plaintiff was a regular employee with an undefined employment term and had an expectation of continuity in her employment.

52.    Plaintiff was unlawfully terminated by and without just cause by Premier Computer as defined by Puerto Rico Act No. 80 of May 30, 1976, known as Puerto Rico's Wrongful Discharge Act.

53.    Plaintiff is entitled to recover a severance payment and progressive indemnity as provided by Act 80, which is estimated in an amount not less than $7,191.35, plus attorney's fees equivalent to not less than 25% of that amount.

WHEREFORE, plaintiffs respectfully request the following reliefs:

1)    Compensatory damages including but not limited to, emotional distress and pain, in the amounts specified above;

2)    Award plaintiff punitive damages.

3)    An award of reasonable attorney's fees with costs and interests.

4)    Double damages pursuant to state law.

5)    Grant the plaintiffs any other relief she may be entitled to as a matter of law.

6)    Grant plaintiff pre-judgment and post-judgment interest.

7)    Economic damages including back pay and front pay.

8)    Jury Trial is requested.

RESPECTFULLY SUBMITTED.

IT IS HEREBY CERTIFIED that on this same date, the foregoing was electronically filed with the Clerk of the Court using the CM/EFC system which will send notification of such filing to counsel of record.

In San Juan, Puerto Rico, on this 28th day of April 2015.

**PAVÍA BERMÚDEZ DÍAZ & SÁNCHEZ LLP**
Attorneys for Plaintiff
Ochoa Building, Suite 200
500 De la Tanca Street
San Juan, Puerto Rico 00901
Telephone: (787) 523-2470
Telefax: (787) 523-2664

**s/Reggie Díaz-Hernández**
Reggie Díaz Hernández
USDC-PR No. 224908
rdiaz@pbdlawpr.com

**s/José J. Sánchez-Vélez**
José J. Sánchez-Vélez
USDC PR No. 214606
jsanchez@pbdlawpr.com